The Full Commission has reviewed the Opinion and Award of Deputy Commissioner Jones based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission modifies and affirms the Deputy Commissioners award of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Continental Casualty is the carrier on risk.
4. Plaintiffs average weekly wage was $244.00 yielding a compensation rate of $162.68.
5. Plaintiff suffered an injury by accident on April 4, 1996 when she hit her right arm against a steel pole.
6. Plaintiff is currently unemployed.
7. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1. This documentation consists of the following: documentation from Rehability Center; documentation from Carolina Medical Center; documentation from Carolinas Physical Therapy Associates; documentation from Carolina Bone and Joint; and documentation from Southern Surgical Associates.
8. The issues before the Full Commission are: (i) whether plaintiff is entitled to additional compensation for her compensable injury; and (ii) whether plaintiff unjustifiably refused suitable employment with defendant-employer.
 EVIDENTIARY RULINGS
The objections raised in the deposition of Warren B. Barrows, II, M.D., are OVERRULED.
 ***********
Based upon all the competent evidence adduced at the hearing before the Deputy Commissioner and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 4, 1996, plaintiff suffered a compensable injury by accident when she struck her right arm against a pole while moving boxes. This injury arose out of and in the course of her employment with the defendant-employer as a ticketer.
2. Plaintiff was treated by Allen Edwards, M.D., for this injury. Dr. Edwards injected cortisone, utilized Prednisone and Naprosyn, a tennis elbow strap and physical therapy in an effort to reduce plaintiffs symptoms.
3. S. John Millon, M.D., began treatment of plaintiff in August, 1986. Dr. Millon diagnosed plaintiff with right elbow lateral epicondylitis. Dr. Millon determined plaintiff needed surgery to resolve this problem.
4. Plaintiff presented to Stephen Naso, M.D., for a second opinion as to the need for surgery. Dr. Naso concurred with Dr. Millon.
5. Plaintiff had surgery on November 21, 1996, however, she continued to have pain in her forearm.
6. Plaintiff return to work with defendant-employer after Dr. Millon had released her to light-duty restriction. Plaintiffs condition improved gradually. Plaintiff did return to Dr. Millon complaining of numbness and tingling in her right hand at which time an EKG was performed which the studies were negative.
7. In June, 1997, Stephen Naso, M.D., performed a posterior interosseous nerve release.
8. Following the surgery, plaintiff continued to encounter difficulties with her arm. On November 14, 1997, Dr. Naso returned plaintiff to work with restrictions of no squeezing, no repetitive grasping with the right hand, limit flexion and extension of elbow and wrist especially with twenty (20) pounds or more.
9. Plaintiff returned to work but continued to encounter difficulties.
10. On November 11, 1997, Dr. Naso limited plaintiffs computer work to three (3) to four (4) hours a day and provided plaintiff with a disability rating of seven (7%) percent to her right arm.
11. On January 29, 1998, plaintiff returned to Carolina Hand Center to see Dr. Burrows. Dr. Burrows was substituting for Dr. Naso and noted plaintiffs condition had become worse. Dr. Burrows returned plaintiff to work indicating she was not to squeeze or repetitively grasp. Plaintiff was to have a five (5) to ten (10) pound weight limitation and plaintiffs activity should limit extremes of flexation and extension to the elbow.
12. Dr. Burrows had concerns about plaintiffs ability to sweep because of the flexation and extension of her right elbow.
13. On or about February 10, 1998, plaintiffs supervisor requested that part of plaintiffs light-duty work that she clean the supervisors office by sweeping the floor and wiping furniture. The broom involved was an industrial broom. Plaintiff declined to do the work because it would violate her medical restrictions.
14. Plaintiff justifiably refused to perform this work but was terminated by defendant-employer for refusing to perform these duties.
15. Plaintiff sought employment at the Renaissance Plaza as a server. Plaintiff was unable to perform this work except from March 2, 1998 to early April 1998 because the job required repetitive use of her hands in cooking and arranging salads as well as lifting pots of food and cleaning and thus violated her medical restrictions.
16. Plaintiff justifiably refused work that was not within her restrictions as defined by Dr. Barrows.
17. Plaintiff has received no subsequent employment since her short period of employment with Renaissance Plaza.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On April 4, 1996, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
2. Plaintiff justifiably refused work which was not within her restrictions as prescribed by her treating physician. N.C. Gen. Stat.97-32.
3. As a result of her compensable injury by accident, plaintiff is entitled to temporary total disability compensation from April 15, 1998 until further Order from this Commission. N.C. Gen. Stat. 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff, subject to attorney fees later described, the sum of $162.68 each week from April 15, 1998 until further Order from this Commission. Compensation which has accrued to date shall be paid in a lump sum, subject to an attorneys fee approved in Paragraph 3.
2. Defendants shall pay all medical expenses resulting from plaintiffs compensable injury by accident on April 4, 1996.
3. A reasonable attorneys fee of twenty-five (25%) percent of compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiffs counsel. Defendants shall pay it as follows: they shall pay directly to plaintiffs counsel twenty-five (25%) percent of the compensation which has accrued to date and is subject to the lump sum order in paragraph 1 above. With respect to future compensation, defendants shall pay every fourth check directly to plaintiffs counsel.
4. Defendants shall pay the costs.
This 20th day of September 2000.
 S/_________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING IN RESULT ONLY:
 S/__________________ RENÉE C. RIGGSBEE COMMISSIONER